# Donora Southern Railroad Company *v.* Pennsylvania Railroad Company, Appellant.

*Railroads—Right of way—Disputed title—Equity—Injunction.*

Where a railroad company organized under the general railroad law of Pennsylvania enters upon lands and lays its tracks with the consent of a person who had long been in possession of the lands under a claim of title, and thereafter takes title to such land from the person in possession, another railroad company which has acquired an adverse title to the land has no right to enter upon them and tear up the tracks of the first company, and if it does so it will be restrained by injunction from a repetition of such action, but such injunction will be subject to the right of the parties to establish their rights in the land in a court of law.

Argued Oct. 20, 1905. Appeal, No. 49, Oct. T., 1905, by defendant, from decree of C. P. Washington Co., No. 1421, in equity in case of Donora Southern Railroad Company v. Pennsylvania Railroad Company, Lessee of Pittsburg, Virginia & Charleston Railway Company and Pittsburg, Virginia & Charleston Railway Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an injunction. Before McILVAINE, P. J. The opinion of the Supreme Court states the case.

*Error assigned* was the decree of the court.

*A. M. Todd,* with him *Jas. A. Wiley,* for appellant.—The conclusion reached by the court below that the mere survey through a man's property and the passing of a resolution by the board of directors adopting a route for its railroad is sufficient to make such a location as would be conclusive upon the landowner, or his successor in title, is erroneous : Neal v. P. & C. R. R. Co., 2 Grant, 137 ; Western Penna. R. R. Co. v. Johnston, 59 Pa. 290 ; Harrisburg Borough v. Crangle, 3 W. & S. 460 ; Graham v. R. R. Co., 145 Pa. 504.

The weight of authority appears to be that the right to recover damages is personal to the owner at the date of the entry : McFadden v. Johnson, 72 Pa. 335 ; Davis v. Railway Company, 114 Pa. 308, without regard to any previous action by a board of directors establishing a route. If such entry was made without an attempt to agree with the owner, or the giving of a bond, but with the owner's consent, the railroad would not be such a trespasser as would prevent the court from intervening for its protection and allowing damages to be assessed nunc pro tunc : Oliver et al. v. P. V. & C. Ry. Company, 131 Pa. 408 ; McClinton v. Railway Company, 66 Pa. 404 ; Railroad Company v. Warrell, 122 Pa. 613 ; Railroad Company v. Cooper, 105 Pa. 239 ; if, however, the entry is resisted by the landowner, the railroad necessarily is a trespasser and " the owner is not bound to suffer an unlawful intrusion, and afterward fight an unequal battle for compensation : " McClinton v. Railroad Company, 66 Pa. 404.

In order to justify the taking of any portion of this land, it would become necessary for the plaintiff to show an absolute necessity for such taking. The land had been purchased by the defendants for corporate uses and the testimony discloses that it was necessary for the conduct of its business. Under such circumstances, it could not be arbitrarily appropriated by the Donora Southern Railroad : Pennsylvania Railroad Company's Appeal, 93 Pa. 150 ; Pittsburg Junction Railroad Company's Appeal, 122 Pa. 511 ; Sharon Railway Company's Appeal, 122 Pa. 533.

The question raised by the bill and answer presented a " substantial dispute " as to the only point at issue, to wit: the ownership of the land itself, and it was the duty of the court, if it did not think fit to pass upon this question, to call to its aid the judgment of a jury and award an issue for the determination thereof: Smith and Fleck's Appeal, 69 Pa. 474.

The plaintiff had acquired no right of way through the defendants' property and its entry thereon was a trespass and the defendants were justified in resisting it.

*Samuel McClay*, with him *J. H. Murdoch*, *T. F. Birch* and *Reed, Smith, Shaw & Beal*, for appellee.—The title of a railroad company is derived not through the tendering or the filing of a bond, but by its original entry and appropriation without objection, and a release of the damages operates not by way of an original conveyance, but by way of discharge of the damages incurred by the entry and construction of a railroad. The permanent location of a railroad is an appropriation of the ground and vests the right to the damages assessed : Lawrence's Appeal, 78 Pa. 365; Beale v. Penna. R. R. Co., 86 Pa. 509 ; Neal v. Pittsburg & Connellsville R. R. Co., 2 Grant, 137 ; Wadhams v. Lackawanna & Bloomsburg R. R. Co., 42 Pa. 303 ; Pittsburg, Virginia & Charleston Ry. Co. v. Com., 101 Pa. 192; Hagner v. Pa. Schuylkill Valley R. R. Co., 154 Pa. 475 ; Johnston v. Callery, 184 Pa. 146 ; Williamsport, etc., R. R. Co. v. Philadelphia, etc., R. R. Co., 141 Pa. 407.

The court below had jurisdiction of this case for the purpose of protecting the appellee's legal rights and determining the question in whom the title was vested : Bussier v. Weekey, 11 Pa. Superior Ct. 463.

If Joseph Bamford did not have a good title to the land in dispute at the time of the entry, the appellee should have a reasonable time to perfect its condemnation : Oliver v. Pittsburg, Virginia & Charleston Ry. Co., 131 Pa. 408 ; McClinton v. Ry. Co., 66 Pa. 404 ; Wheeling, etc., R. R. Co. v. Warrell, 122 Pa. 613 ; Philadelphia, etc., R. R. Co. v. Cooper, 105 Pa. 239.

PER CURIAM, November 4, 1905 :

This was a bill for injunction against a threatened repetition

of the action of defendant in tearing up the tracks of the plaintiff, and incidentally for assessment of the damages for the acts already committed.

The title to the land was in dispute. In 1902, plaintiff, a Pennsylvania corporation, located its route and constructed a portion of it on this land by agreement with one Bamford who was then and had been for many years in possession under claim of title. On May 21, 1904, Bamford conveyed the land to plaintiff which had previously constructed additional tracks to those built in 1902.

In 1903 the defendants' lessor acquired an adverse title to the land, but, as found by the court below, with knowledge of Bamford's possession. And the defendants made no claim to title prior to 1903, and no effort to take possession until May 16, 1904, when it entered and tore up complainant's rails.

On these facts the court found as conclusions of law:

" 1. That in 1902 the plaintiff company had power to take and condemn a right of way across the land, without regard to who owned it, and having found Bamford in long possession, it had entered and built part of its tracks with his consent.

" 2. That defendants' lessor when it acquired title in 1903 took subject to a visible easement thereon, and cannot now call in question the legality of the plaintiff's previous entry and appropriation.

" 3. That this is not an ejectment suit and that it is not necessary for the court to adjudicate the title to the land.

" 4. That the plaintiff company was in possession of its right of way under permission from one who was in possession under color of title and who made a claim of title that had such a reasonable basis as would put the defendant companies who never were in possession, at least so far as the ground covered by the right of way was concerned, to an action at law to test their rights. The defendant companies took the law into their own hands and undertook by force to redress what they claimed was an invasion of their rights, and in addition they threaten a repetition of this force, if the plaintiff company should attempt to restore the tracks destroyed. In doing so they committed a wrong, the repetition of which should be restrained.

" 5. That an injunction should issue, and damages should be assessed at $1,000, but that the injunction granted and the find-

ings of fact and conclusions of law, which are held to justify it being granted, are not to prejudice the right of either of the parties hereto to establish, maintain or defend in a court of law its title and right of possession to the said 6.73 acres of land described in the fourth paragraph of the plaintiff's bill, or any part thereof, or its legal or equitable right of possession to the strip of land over and across said tract of land covered by the location of the plaintiff company's main line and branch B."

On these findings and conclusions the decree is affirmed.